IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-833

Filed 7 May 2024

Yancey County, Nos. 21 CRS 50468, 21 CRS 50469

STATE OF NORTH CAROLINA

v.

JOHN WESLEY CROWDER, JR., Defendant.

Appeal by defendant from judgment entered 6 June 2023 by Judge Gary M. Gavenus in Yancey County Superior Court. Heard in the Court of Appeals 16 April 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Benjamin Szany, for the State.*

*Melrose Law, PLLC, by Adam R. Melrose, for defendant-appellant.*

DILLON, Chief Judge.

Defendant John Wesley Crowder, Jr., was convicted by a jury of second-degree forcible sex offense and other crimes. For the second-degree forcible sex offense conviction, Defendant was sentenced to 83 to 160 months of imprisonment.

Defendant appeals, contesting the trial court's jurisdiction over the second-degree forcible sex offense charge due to allegedly defective language in the indictment. For the reasoning below, we disagree and hold that the trial court properly exercised jurisdiction.

"The sufficiency of an indictment is a question of law reviewed de novo." *State v. White*, 372 N.C. 248, 250, 827 S.E.2d 80, 82 (2019).

Section 14-27.27 of our General Statutes states that

> (a) A person is guilty of second degree forcible sexual offense if the person engages in a sexual act with another person:
>
> …
>
> (2) Who has a mental disability or who is mentally incapacitated or physically helpless, and the person performing the act knows or should reasonably know that the other person has a mental disability or is mentally incapacitated or physically helpless.

N.C. Gen. Stat. § 14-27.27(a)(2) (2023).

Our General Statutes allow the use of a short-form indictment in charging a sexual offense crime, as follows:

> . . . it is sufficient to allege that the defendant unlawfully, willfully, and feloniously did engage in a sex offense with a person who . . . was mentally incapacitated or physically helpless, naming the victim, and concluding as required by law.

N.C. Gen. Stat. § 15-144.2(c) (2023).

Here, the indictment alleges that Defendant "unlawfully, willfully and feloniously did engage in a sex offense with [A.P.], who was at the time physically helpless." This language essentially matches the language required by N.C. Gen. Stat. § 15-144.2(c).

Defendant, though, attempts to compare this indictment for second-degree

*sexual assault* to an indictment for second-degree *rape* that our Court held to be insufficient in *State v. Singleton*, 285 N.C. App. 630, 632–34, 878 S.E.2d 653, 655–56 (2022), *writ of supersedeas allowed and disc. review granted*, 384 N.C. 37, 883 S.E.2d 445 (2023). In *Singleton*, we held the indictment was insufficient because it failed to comply with the language required by the second-degree rape short-form indictment statute. 285 N.C. App. at 634, 878 S.E.2d at 656.

The statute allowing for use of short-form indictments asserting a *rape* charge where the rape is based on an act occurring when the defendant knew the victim to be incapacitated, differs slightly from its counterpart statute allowing a short-form indictment to be used to charge a *sexual offense* charge where the sexual offense is based on an act when the defendant knew the victim to be incapacitated. Specifically, N.C. Gen. Stat. § 15-144.1(c), which allows for a short-form indictment to be used for a rape charge, requires allegations that the defendant did *both* "carnally know" *and* "abuse" the victim. We held in *Singleton* that an indictment which merely alleged the defendant had engaged "in vaginal intercourse" with an incapacitated victim was sufficient to comply with the statutory requirement to include language that the defendant did "carnally know" the victim, but the language was otherwise deficient because it had failed to contain language charging the defendant did "abuse" the victim as well. *Singleton*, 285 N.C. App. at 634, 878 S.E.2d at 656.

However, N.C. Gen. Stat. § 15-144.2(c), which allows for a short-form indictment for sexual offense, merely requires language charging the defendant "did

engage in a sexual offense" with an incapacitated victim. Unlike N.C. Gen. Stat. § 15-144.1(c), N.C. Gen. Stat. § 15-144.2(c) does not require language stating the defendant did "abuse" the victim.

We note N.C. Gen. Stat. § 15-144.1(c) and N.C. Gen. Stat. § 15-144.2(c) each require allegations that the defendant had acted "unlawfully, willfully, and feloniously" when he engaged in the assault. This language was included in the indictment charging Defendant. We conclude this statutory language used in the indictment in this case was sufficient to apprise Defendant of the *mens rea* element of the sexual offense charge for which he was convicted, namely, that he was aware of the victim's incapacitated state during the act. We, therefore, hold the trial court had jurisdiction to try him for that charge.

NO ERROR.

Judges TYSON and GRIFFIN concur.